UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Matthew Eugene Barrentine, ) | |
| ) | CR No.:   4:09-cr-953-RBH |
| v. ) | Civil No.: 4:12-cv-00797-RBH |
| ) | **ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This matter is before the court on petitioner Matthew Eugene Barrentine's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

I. **BACKGROUND AND PROCEDURAL POSTURE**

On August 25, 2009, Petitioner was charged in Count One of a two count indictment with felon in possession of a firearm, in violation of Title 18, United States Code §§922(g)(1), 924(a)(2) and 924(e). Petitioner entered a plea of guilty to Count One of the indictment on May 3, 2010. On July 28, 2010, the court sentenced petitioner as an armed career criminal to the statutory mandatory minimum sentence of 180 months imprisonment. The term of imprisonment was imposed concurrently with the Youthful Offender Act sentences the defendant was serving in state court. A direct appeal was filed. On April 14, 2011, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. The mandate was filed on May 6, 2011.

Petitioner returns to this court by way of petition filed March 19, 2012, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Trial counsel Richard W. Strobel, filed an affidavit on May 15, 2012. The government filed a Motion for Summary Judgment and

1

response to the petition on May 21, 2012.

In order to prevail on a motion under Section 2255, a petitioner must show one of the following: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The court may decide a Section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To obtain relief based on ineffective assistance of counsel, Petitioner must show (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and this Court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim

2

> of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 688-89. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987). In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. *Strickland* at 697.

Construing petitioner's motion liberally, the court finds his claim of ineffective assistance of counsel to be without merit. Therefore, he cannot show that he was prejudiced by his counsel's performance.

He contends that his counsel was ineffective "when he failed to challenge the erroneously applied armed career criminal enhancement." (ECF No. 163, p. 4). He asserts that "guideline

3

groupings only result in two predicate convictions, when three are needed"; the predicate offenses were sentences under the South Carolina Youthful Offender Act and "do not qualify since they were not 'violent'"; and the Darlington County convictions were the result of an *Alford*[1] plea.

The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), provides for a mandatory minimum sentence of fifteen years where a defendant has three prior convictions for a "violent felony" or "serious drug offense" or both, "committed on occasions different from one another". 18 U.S.C. § 924(e)(1). "Convictions will be considered as having occurred on occasions different from one another under the ACCA if each 'arose out of a separate and distinct criminal episode.'" *United States v. Hobbs*, 136 F.3d 384 (4th Cir. 1998), citing *United States v. Letterlough*, 63 F.3d 332w, 334 (4th Cir. 1995). "In engaging in this separate-and-distinct analysis, sentencing courts consider (i) whether the offenses occurred in different geographic locations; (ii) whether the offenses were substantively different; and (iii) 'whether the offenses involved multiple victims or multiple criminal objectives.'" *Id*.

The term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970). When a defendant enters an *Alford* plea, he pleads guilty but still maintains his innocence.

4

**"Guideline Groupings".** On June 28, 2007, Defendant was convicted in Florence County General Sessions Court of three counts of conspiracy to commit armed robbery (Counts 2, 5, and 7); accessory after the fact of armed robbery (Count 3), and conspiracy to commit arson (Count 9). He was sentenced to concurrent Youthful Offender sentences for each offense. The presentence report classified Counts 2 and 5 and Count 9 as three predicate offenses for Armed Career Criminal purposes. The conspiracy to commit armed robbery charged in Count 2 occurred on or about November 29, 2005. The conspiracy to commit armed robbery charged in Count 5 occurred on or about December 23, 2005. These offenses occurred over one month apart and are appropriately considered to be separate from each other. These conspiracies were also separate from the conspiracy to commit arson (Count 9) because the nature of the offense was different and also because they involved different victims. These three offenses were properly classified as separate predicate offenses under ACCA, and counsel was not ineffective for failing to argue otherwise.

**Youthful Offender Act**. Petitioner also asserts that his prior Florence County convictions should not count as predicate offenses under ACCA because he was sentenced under the Youthful Offender Act. *See* S.C. Code Ann. § 24-19-50. He contends that a "youthful offender" commits an offense that is "not a violent crime as defined in Section 16-1-60, and that is a misdemeanor, a Class D, Class E, or Class F felony, as defined in Section 16-1-20." He asserts that the Youthful Offender Act applies only to nonviolent crimes and that his prior convictions therefore cannot be counted as predicate offenses for ACCA purposes.

The fact that the petitioner was sentenced under the Youthful Offender Act does not

5

change the nature of the convictions. They are still classified as "violent felonies" under ACCA. *See United States v. Williams*, 508 F.3d 724, 726-30 (4th Cir. 2007) (Defendant's prior conviction for possession with intent to distribute crack cocaine in violation of South Carolina law was a "serious drug offense" punishable by a possible prison term of 10 years or more under ACCA, notwithstanding that the defendant was sentenced under the Youthful Offender Act.)

The common law crime of conspiracy is codified in S.C. Code § 16-17-410 as follows.

> The common law crime known as "conspiracy" is defined as a combination between two or more persons for the purpose of accomplishing an unlawful object or lawful object by unlawful means. A person who commits the crime of conspiracy is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned not more than five years. A person who is convicted of the crime of conspiracy must not be given a greater fine or sentence than he would receive if he carried out the unlawful act contemplated by the conspiracy and had been convicted of the unlawful act contemplated by the conspiracy or had he been convicted of the unlawful acts by which the conspiracy was to be carried out or effected.

As noted above, the term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The South Carolina crime of conspiracy is punishable by a fine or imprisonment not more than five years.[2] The object of two of the

---

[2] A person who commits armed robbery is guilty of a felony and, upon conviction, "must be imprisoned for a mandatory minimum term of not less than ten years or more than thirty years, no part of which may be suspended or probation granted . . ." S.C. Code Section 16-11-330(A). A person who is convicted of arson of the third degree (burning of building or structure including a motor vehicle) must be imprisoned not less than one and not more than ten years. S.C. Code Section 16-11-110(C).

6

conspiracies, armed robbery, involves the use or threatened use of physical force against the person of another. The object of the other conspiracy, arson, is specifically listed as a "violent felony". The failure of counsel to argue that the Florence previous convictions were not violent felonies because he received youthful offender sentences was not ineffective.

**Effect of *Alford* Pleas.** Petitioner also asserts that his Darlington County prior convictions for strong arm robbery and conspiracy should not count as ACCA predicates because he entered *Alford* pleas to those offenses, citing *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010). He was sentenced under the Youthful Offender Act for strong arm robbery, after entering an *Alford* plea to robbing The Market Store in Hartsville, South Carolina on December 27, 2005. He was also sentenced under the Youthful Offender Act to conspiracy to commit armed robbery on December 27, 2005 pursuant to an *Alford* plea. The presentence report counted these two convictions as one predicate offense for ACCA purposes.

The Fourth Circuit decision in *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), is not applicable. In *Alston*, the Fourth Circuit held that the Government may not rely on proffered facts from an *Alford* guilty plea when establishing under the modified categorical approach that a prior conviction was a violent felony. *Id.* at 228. Although Petitioner entered an *Alford* plea to his strong arm robbery conviction, the *Alston* decision provides him no relief. *See e.g. United States v. Hill*, 2012 WL 1354464 at *18 (4th Cir. 2012)(rejecting defendant's *Alston* challenge to prior convictions because the Government did not rely on the plea colloquy to establish the qualifying nature of the prior drug offense). The *Alston* decision is inapplicable to Petitioner's case because the Government did not rely on the modified categorical approach or disputed facts

7

from the plea colloquy to establish that the strong arm robbery conviction was a violent felony. Strong arm robbery is *per se* a violent felony because the elements of the offense satisfy the statutory definition of a violent felony. "South Carolina defines strong arm robbery as 'the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.'" *United States v. Jones*, 312 Fed. Appx. 559 (4th Cir. 2009) (quoting *State v. Gourdine*, 472 S.E.2d 241, 241 (1996)). The Fourth Circuit and other courts have repeatedly recognized strong arm robbery as a qualifying violent felony under the categorical approach. *See United States v. Walker*, 595 F.3d 441 (2d Cir. 2010) (finding South Carolina strong arm robbery to be a crime of violence); *United States v. Wiley*, 449 Fed. Appx. 269 (4th Cir. 2011)(finding South Carolina strong arm robbery to be a violent felony).[3] Therefore, trial counsel's failure to make an argument under *Alston* was not ineffective.

On the basis of the above, Petitioner has failed to show any deficient performance on the part of his attorney and therefore his claim of ineffective assistance of counsel cannot be sustained.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that

---

[3] The Fourth Circuit has also held that "a sentence imposed following an *Alford* plea qualifies as a 'prior sentence' within the meaning of U.S.S.G. Section 4A1.2(a)(1). *United States v. King*, 673 F.3d 274, 282 (4th Cir. 2012)

8

the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 180] is **GRANTED**, Petitioner's [Doc. # 173] Motion for Summary Judgment is **DENIED,** and Petitioner's Motion to Vacate [Doc. # 163] is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

June 12, 2013                                       s/R. Bryan Harwell
Florence, South Carolina                 R. Bryan Harwell
                                                                       United States District Judge